35 P.(2d) 977

## WHITE BRANCH HAT CO. v. AMONETT.

### No. 3944.

Supreme Court of New Mexico.

Sept. 4, 1934.

Rehearing Denied Sept. 29, 1934.

H. C. Maynard, of Roswell, for appellant.

C. J. Neis, of Roswell, for appellee.

SADLER, Justice.

Plaintiff recovered judgment against defendant for $225, representing a balance claimed upon a shipment of hats. Defendant was engaged in the business of conducting a harness and auto shop. Displaying reluctance to deal in hats, plaintiff's salesman represented to defendant that if they did not sell readily, the plaintiff would accept a return of the hats or extend liberal credit on the account. It was issuable whether the representation was authorized. The plaintiff had no knowledge thereof at the time it received the order from its salesman or when it shipped the goods.

The order was in regular form, without mention of the representation; one copy being forwarded to the plaintiff, and another mailed to the defendant, within a few days following the salesman's call. The hats were received by defendant some two months after date of the order, to wit, July 12, 1929. About three days prior to their receipt, defendant received an invoice covering the shipment showing payment due October 1, 1929, less 2 per cent. discount if paid on or before maturity. The defendant did not at the time protest that the terms of sale were otherwise than as disclosed by the order and invoice.

However, a controversy later arose between the parties over terms of the sale, when plaintiff began pressing for payment. The latter declined to recognize defendant's claim of right to return the goods. It repudiated any authority in the salesman to make said repre-

sentation. But it did extend liberal credit upon the account.

Pending the controversy defendant paid $100 on account and, while asserting his right to return the goods, also made promises of payment in the future, if plaintiff would indulge.

The trial court rendered judgment for the balance claimed. It is based upon facts as recited above. The defendant questions sufficiency of the evidence to sustain some of the findings but we consider it substantial.

The issue over the salesman's authority disappears in the trial court's finding that the plaintiff did perform the alternative promise of extending liberal credit. Under defendant's own version of the questioned promises, the plaintiff was to accept a return of the hats, or grant a liberal extension of credit on the account. It could not be required to do both. Indeed, the granting of one alternative presupposed a denial of the other.

But, over all, the defendant's promises to pay, if indulged, followed by indulgence, made after notice that plaintiff would refuse to accept a return of the hats, furnish adequate support for the action of the trial court in awarding recovery.

Finding no error in the judgment, it will be affirmed.

It is so ordered.

WATSON, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.